IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMIAH J. GRUBE,

                Petitioner,

v.

WARDEN REED A. RICHARDSON,[1]

                Respondent.

OPINION & ORDER

14-cv-471-jdp

---

Petitioner Jeremiah J. Grube is currently in custody at the Chippewa Valley Correctional Transitional Facility. He seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2005 sentencing from the Circuit Court for Calumet County. Petitioner has paid an initial partial filing fee in this court and I may now preliminarily review the case under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After reviewing the petition, I conclude that petitioner has presented a "mixed petition." That means that some of his claims are ready to proceed and others are not yet exhausted. A mixed petition presents petitioner with a choice on how he would like to proceed. I will give petitioner an opportunity to inform the court of his choice.

BACKGROUND

In 2004, petitioner entered a no contest plea to the charges in three cases. In case 2003-CF-122, he was charged with a misdemeanor battery under Wis. Stat. § 940.19. In case 2004-CF-001, he was charged with possessing cocaine with intent to deliver and delivering

---

[1] Richardson is not the current warden of the Chippewa Valley Correctional Treatment Facility. The court will order that Warden Jeffrey Pugh be substituted as the named respondent under Federal Rule of Civil Procedure 25.

less than 15 grams of cocaine under Wis. Stat. § 961.41, and with felony bail jumping under Wis. Stat. § 946.49. Finally, in case 2003-CF-142, he was charged with misdemeanor theft under Wis. Stat. § 943.20, and with felony bail jumping under Wis. Stat. § 946.49.

On June 3, 2005, Judge Thomas J. Gritton sentenced petitioner to nine months of jail for the misdemeanor battery charge, delivery of cocaine, possession of cocaine with intent to deliver, and felony bail jumping, and theft. The judgment stated that petitioner received:

- 9 months of jail for misdemeanor battery;
- 10 years of probation, to run consecutively with the 9-month sentence for battery, and a 12-month imposed-and-stayed jail sentence for delivery of cocaine;
- a withheld sentence of 10 years of probation for possession of cocaine with intent to deliver;
- 6 years of probation for felony bail jumping; and
- a withheld sentence of 6 years of probation with 12 months of jail time as a condition of probation for felony bail jumping and theft.

More than four years later, petitioner violated his probation and it was revoked. Before his post-revocation sentencing, the court noticed an error in petitioner's judgment of conviction: the written sentence did not match the judge's words from the bench. The discrepancy raised the question of whether the 12-month imposed-and-stayed part of the sentence for delivery of cocaine was instead intended to be a condition of probation. On December 21, 2009, the judge corrected his sentence to match the transcript from the original sentencing hearing, making the 12 months for delivery of cocaine a condition of probation rather than an imposed-and-stayed sentence. He then sentenced petitioner to two years of confinement and one year of extended supervision for felony bail-jumping, and to

consecutive four-year terms of confinement and six years of extended supervision for the two cocaine-related counts.

Petitioner appealed his new sentence to the Wisconsin Court of Appeals, which affirmed on September 21, 2011. *State v. Grube*, 2011 WI App 143, ¶ 1, 337 Wis. 2d 557, 806 N.W.2d 269. He then appealed to the Wisconsin Supreme Court, which denied review. Petitioner also moved for postconviction relief under Wis. Stat. § 974.06, and appealed the circuit court's subsequent denial. The court of appeals again affirmed the circuit court, and denied petitioner's motion for reconsideration. The Wisconsin Supreme Court again denied review on June 12, 2014, *State v. Grube*, 2014 WI 50, 354 Wis. 2d 862, 848 N.W.2d 858, and petitioner filed his writ in this court on June 26, 2014.

## ANALYSIS

Petitioner identifies seven grounds for relief:

1. The circuit court put him in double jeopardy by imposing the corrected sentence four years after he was first sentenced, depriving him of due process.

2. Petitioner's sentence was based on an incorrect presentence investigation report.[2]

3. The district attorney provided false information to the court at sentencing, wrongly claiming that petitioner failed to follow through with his AODA assessment and that he "had 20 cases before the court," as opposed to two, overstating his criminal history.

4. The probation agent made misrepresentations and an "illegal recommendation" to the court because she was biased against him.

5. The trial judge failed to adequately set forth his reasons for the sentence on the record.

---

[2] The court construes all of petitioner's grounds to apply to his re-sentencing on December 21, 2009, and not to his initial sentencing on June 5, 2005. It is now too late for petitioner to seek relief for his 2005 sentencing, and he is no longer in custody on that judgment.

3

6. The court erroneously exercised its discretion by denying petitioner and his lawyer an opportunity to review the presentence investigation report before sentencing him.

7. Petitioner had ineffective assistance of counsel because his lawyer neglected to raise five of these issues on direct appeal.

State prisoners typically receive only one opportunity to pursue habeas relief in federal court. Thus, it is to a petitioner's advantage to include every available habeas claim in his first petition. If petitioner requires a "second or successive habeas corpus application" to address all of his claims, he will face a daunting task. He would first have to move the appropriate court of appeals for permission to file his second petition in this court, and he would have to satisfy one of the exceptions for failing to present his unexhausted claims in this petition. *See* 28 U.S.C. § 2254(b).

Petitioner raised only the first ground on direct appeal. He has not yet exhausted grounds three, four, five, or seven. He attempted to raise grounds two and six in his postconviction motion, but the appeals court found that those claims were procedurally barred, and the Wisconsin Supreme Court denied review. Therefore, petitioner has three different kinds of claims, which each present different challenges. Most of the claims are not yet ready to be reviewed in federal court.

A. **Double jeopardy claim**

Petitioner's first ground for relief alleges that by re-sentencing petitioner with a "corrected" judgment, violating his rights. Petitioner raised this argument on direct appeal as a double jeopardy concern. The court of appeals rejected the argument, and the Wisconsin Supreme Court denied review. Thus, this claim appears ready for federal review.

## B. Unexhausted claims and procedurally defaulted claims

Grounds two through seven are not yet ready for review. Petitioner has not yet presented grounds three, four, five, or seven to the state court, and he has therefore failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Before I may consider the merits of those claims, petitioner must fully and fairly present them to the state courts so that they have a meaningful opportunity to consider the substance of those claims and to correct any mistakes. *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). To "fairly present" a federal claim, petitioner must "assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir.), *cert. denied sub nom.*, *Richardson v. Pfister*, 135 S. Ct. 380 (2014). This "requirement means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

There is a chance that these claims will be considered procedurally barred by the Wisconsin appeals court because petitioner did not raise them on his direct appeal. *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994). If petitioner misses an opportunity to properly present a claim in state court, then he commits a procedural default that may forfeit federal review of that claim. *Curtis v. Montgomery*, 552 F.3d 578, 582 (7th Cir. 2009). That is the challenge that petitioner faces on grounds two and six, which petitioner failed to raise on direct review. In his post-conviction challenge, the state court decided that grounds two and six were procedurally defaulted and thus barred.

Although petitioner may face procedural obstacles to raising grounds two through six because they are either unexhausted or defaulted, he may be able to present them in state

court indirectly, using ground seven: ineffective assistance of appellate counsel for failing to raise these issues. *Lindsley v. Meisner*, No. 15-cv-361, 2016 WL 297751, at *1 (W.D. Wis. Jan. 22, 2016) (explaining that petitioner may be able to overcome his default of other claims by raising ineffective assistance of appellate counsel to the state appeals court). To do so, petitioner must file a habeas petition in the state court that heard his appeal, raising his ineffective assistance of appellate counsel claim and arguing that it caused him to default on his other claims. *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540, 544 (1992).

## C. Petitioner's options

Given these challenges, petitioner has the following options for proceeding with his petition.

Option 1: Petitioner may proceed with ground one and dismiss the remaining grounds. If he chooses this option, he will not have the ability to proceed on his abandoned grounds at any other point. *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (Petitioner "may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.").

Option 2: Petitioner may try to pursue his unexhausted and defaulted claims—grounds two through seven—by dismissing this entire petition and going back to state court to file a *Knight* petition alleging ineffective assistance of appellate counsel for failure to raise grounds two through six. If he chooses this option, then this petition will not count as his one habeas opportunity and he would have the chance to try again with a new petition. *Id.* (Petitioner "may withdraw [the] mixed petition, exhaust the remaining claims, and return to district court with a fully exhausted petition."). If petitioner chooses this option, he may lose

the ability to proceed on ground one because it has not been tolled and it may be too late to timely file it again.

Option 3: Petitioner may request that this court stay the case so that petitioner may attempt to pursue grounds two through seven in state court via a *Knight* petition, while holding ground one in abeyance until those grounds are ready. To receive a stay, petitioner will have to show good cause for the stay and demonstrate that his claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" . . . and his claims are not plainly without merit).

I will give petitioner a short deadline to choose between the options that I have identified. Within three weeks of this order, petitioner must file a notice explaining which of these options he is choosing and why he is entitled to the relief that the option offers.

ORDER

IT IS ORDERED that:

1. Jeffrey Pugh, current warden of the Chippewa Valley Correctional Treatment Facility is substituted in as respondent.

2. Petitioner Jeremiah J. Grube may have until July 15, 2016, to file a notice with court indicating how he wants to proceed, selecting among the options that I have outlined. If petitioner fails to timely respond, then I will dismiss his petition.

Entered June 24, 2016.

BY THE COURT:
/s/_____
JAMES D. PETERSON
District Judge