IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMIAH GRUBE,

                Petitioner,

  v.

JEFFREY PUGH,

                Respondent.

OPINION and ORDER

14-cv-471-jdp

---

Pro se petitioner Jeremiah J. Grube filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting seven different grounds for relief. In a June 24, 2016 screening order, I determined that Grube's was a "mixed petition" because one of his grounds for relief were ready for review but the other six were either procedurally defaulted or not yet exhausted. Dkt. 9. I gave Grube until July 15, 2016 to respond to my order indicating whether he wanted to attempt to overcome his default or exhaust his claims. According to court records, that order was delivered to the Chippewa Valley Correctional Treatment Facility, the facility of record for Grube. *See* Dkt. 8.

Grube did not file a response by the July deadline, so on August 1, 2016, I dismissed his petition without prejudice, Dkt. 10, and the clerk of court entered judgment, Dkt. 11. The dismissal order and judgment were returned from Chippewa Valley Correctional Treatment Facility as undeliverable with a note that Grube's forwarding address had expired. Dkt. 12. So the clerk's office contacted Grube's probation officer, who provided an address for Grube in New Holstein, Wisconsin. On August 16, 2016, the clerk's office sent the August 1 order and final judgment to Grube at that address. There is no record indicating that those documents were returned as undeliverable.

On July 1, 2019—nearly three years later—Grube sent a letter to the court in which he indicated that he was back in prison and asked whether his habeas petition had ever been decided. Dkt. 13. The clerk's office sent Grube copies of the June 24, 2016 decision, the August 1, 2016 decision, and the final judgment. In response, Grube filed a motion to stay this case while he litigates a *Knight* petition in state court. Dkt. 14. (This is one of the three options I gave Grube in my June 24, 2016 order. *See* Dkt. 9, at 7.) He alleges that he did not receive my June 24, 2016 order until July 2019.

Grube's case is closed, so it cannot be stayed without reopening it first. What Grube is actually seeking is an order granting relief from the final judgment and reopening the case under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may relieve a party from a final judgment and re-open the case for any of the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Rule 60(b) is "available to all habeas petitioners seeking to reopen previously dismissed petitions brought pursuant to 28 U.S.C. § 2254, provided that the ground on which relief is sought does not attack the substance of a court's resolution of a claim on the merits." *Arrieta v. Battagli*, 461 F.3d 861, 864 (7th Cir. 2006).

I infer from Grube's letter that he failed to respond to the June 24, 2016 order because he did not read it or attempt to obtain a copy of it until much later, after the time for response had passed. Depending on the specific circumstances at issue, this could conceivably constitute "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). The problem is that a motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Here, it has been almost three years since the entry of judgment, so any motion to reopen the case under Rule 60(b)(1) is untimely. Rule 60(b)'s one-year time limit "is jurisdictional and cannot be extended," *Arrieta*, 461 F.3d at 864, even when a petitioner has a reasonable explanation for the mistake, inadvertence, surprise, or neglect that caused the delay. Nor can Grube obtain relief under the "catchall" provision contained in Rule 60(b)(6), which carries no fixed time limit. As a rule, "if the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available. To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Arrieta*, 461 F.3d at 865 (internal citations omitted) (habeas petition could not be reopened under catchall provision where that petition had been dismissed as a result of a procedural mistake made three years earlier).

Because a motion under Rule 60(b) is untimely, I cannot vacate the 2016 judgment and reopen Grube's habeas petition. But because I dismissed his petition without prejudice, Grube may refile it without running afoul of the bar on second or successive petitions. *See Slack v. McDaniel*, 529 U.S. 473, 495–89 (2000). That said, Grube should be aware that any renewed habeas petition will almost certainly be untimely in light of the one-year filing period for petitions brought under § 2254. *See* 28 U.S.C. § 2244(d)(1). The first ground asserted in his

3

original petition (his claim that the circuit court put him in double jeopardy) is untimely because the Wisconsin Supreme Court denied review of Grube's direct appeal on that issue on June 12, 2014—more than five years ago. The remaining grounds asserted in Grube's original petition, which I previously noted might be actionable through his ineffective-assistance-of-appellate-counsel claim, Dkt. 9, at 5–6, are likely untimely as well. In his July 29, 2019 letter, Grube indicates that he "[is] pursuing the *Knight* petition." Dkt. 14, at 1. I take this to mean that his *Knight* petition is currently pending in state court. But unless Grube filed this *Knight* petition before June 12, 2015—the date his one-year § 2254 filing period expired—that petition will not preserve his ability to file a timely federal habeas petition on those claims. *See, e.g., Lindsley v. Meisner*, No. 15-cv-361, 2016 WL 297751, at *2 (W.D. Wis. Jan 22, 2016).

Still, an untimely petition may be salvaged if a petitioner can show grounds for equitably tolling the limitations period. The Supreme Court has explained that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018). If Grube files a renewed habeas petition, he will need to show why he is entitled to equitable tolling. At minimum, this will involve explaining why he was unaware of my orders on his original habeas, and—perhaps even more important—why he waited almost three years to check the status of that petition.

In summary, I am denying Grube's motion to set aside the final judgment and reopen the case. Dkt. 14. He is free to renew his petition by filing a new case and paying a separate filing fee, but he should know that some or all of his claims may be dismissed as untimely unless he can show that he is entitled to equitable tolling.

ORDER

IT IS ORDERED that plaintiff Jeremiah J. Grube's request to reopen and stay this case while he pursues a *Knight* petition, Dkt. 14, is DENIED.

Entered August 13, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge